Gulf, Colorado & Santa Fe Railway Co. v. W. F. Mathews.

Decided October 21, 1903.

**1.—Damages—Measure of—Evidence.**

In an action for damages arising from the diminished value of horses shipped from one point to another, resulting from the negligence of the transportation company, the measure is the difference at the point of destination between their value in the condition delivered, and the condition in which they should have been delivered, and evidence as to such difference was properly admitted.

**2.—Same.**

The jury was properly authorized to include damages for one horse injured at the point of shipment, and another at the point of reshipment on another road, the proof showing that the horse first mentioned had been received by the company, and the second one was being reloaded by the company's employes.

**3.—Evidence—Practice.**

The admission of improper evidence when it appears to have had no prejudicial effect upon the case of the complaining party is not reversible error.

Appeal from the County Court of Coleman. Tried below before Hon. B. F. Rose.

*J. W. Terry* and *A. H. Culwell,* for appellant.

*Woodward, Baker & Woodward,* for appellee.

STREETMAN, Associate Justice.—Appellee recovered a judgment for damages to a car load of horses shipped over the line of appellant from Coleman to Cleveland, Texas, and thence over the Houston East & West Texas Railway to Lufkin, Texas.

Appellee, as a witness, was permitted to testify with reference to several of the horses, what they would have been worth at Lufkin, if delivered in the same condition as they were when delivered to appellant at Coleman, and several assignments or error complain of the admission of this testimony.

There was no error in permitting the testimony. It is true that the measure of damages was the difference between their value in the condition in which they were delivered and their value in the condition in which they should have been delivered, and as to this the jury were properly instructed. We think, however, that the testimony was proper as a step in the process of proving what would have been their value if properly shipped.

Complaint is made because the jury were authorized to include damages for one horse injured while being loaded at Coleman, and another while being loaded in the car of the Houston East & West Texas Railway Company at Cleveland. As to the first, it had been received by appellant, and was in its hands as a common carrier, and we think the pleadings are broad enough to embrace this item of damage. As to the second animal, the evidence shows that it was being loaded in the car by the employes of defendant.

Appellee was permitted to testify that he made a statement of the damages to the Houston East & West Texas Railway agent at Cleveland before that road received the horses, and appellant complains that this was a self-serving declaration made, to a third party. The evidence was probably inadmissible, but we are unable to see how it could have injured appellant. Neither the bill of exceptions nor the statement of facts shows that appellee testified to the amount or nature of the damages shown in this statement. That there was some damage to the horses is admitted by all the witnesses in the case, and the evidence of. appellee that he made a statement of the damages to the agent of the other road, without testifying to the contents of said statement, could not have had any injurious effect.

All of the assignments of error have been considered, and no error being discovered, the judgment is affirmed.

*Affirmed.*